UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMY TOGNOZZI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CV 2045 CDP |
| | ) | |
| MASTERCARD INTERNATIONAL INCORPORATED d/b/a MASTERCARD WORLDWIDE, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Amy Tognozzi worked as a vice president for defendant Mastercard International Incorporated from 2011 until her termination in January of 2015. She alleges that her supervisor, defendant Mary Griffin, continually gave preferential treatment to Tognozzi's male counterpart, interfered with Tognozzi's right to take FMLA leave, and ultimately terminated her for discriminatory reasons in January 2015. Tognozzi brings claims of sex and disability discrimination and retaliation under the Americans with Disabilities Act, the Missouri Human Rights Act, the Family Medical Leave Act, and Title VII.

Defendants Mastercard and Griffin have moved to dismiss certain of the claims. Mastercard argues that plaintiff's FMLA claim is barred by the two-year statute of limitations to the extent it is based on a claim that Mastercard wrongfully

discouraged her from taking leave. It also argues that she has failed to allege sufficient facts to show that she was discriminated against on the basis of her gender or in retaliation for complaints of sex discrimination. Griffin makes the same arguments but also seeks to dismiss the ADA and Title VII claims against her. Tognozzi concedes that her claims under the ADA and Title VII against defendant Griffin must be dismissed because these claims cannot be brought against an individual supervisor, and so I will grant the motion to dismiss those claims. Plaintiff's claims otherwise are pleaded sufficiently to survive the motions to dismiss, so I will deny the motions in all other respects.

I.  **Motion to Dismiss Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

Rule 8(a)(2), Fed. R. Civ. P., provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Specifically, to survive a motion

to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Neitzke*, 490 U.S. at 327.

## II.     **Background**[1]

Tognozzi began working as a Vice President/Senior Business leader of Financial Analysis for Mastercard in March 2011. At the time of the events in question, she managed a team of twelve people – four managers and eight supporting team members. During her employment, Tognozzi consistently received positive performance reviews.[2] In April 2013, defendant Griffin became Tognozzi's supervisor and at the same time became supervisor to David Lillis, a male employee with the same job title and a similar skill set to Tognozzi. From April 2013 through October 2014, Griffin consistently gave preferential treatment to Lillis, primarily by increasing Tognozzi's responsibilities and workload, while decreasing Lillis's. On several occasions from March through September 2014,

---

[1] The facts contained herein are taken from the allegations set out in Tognozzi's complaint. They are considered true for the purpose of this Memorandum and Order. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

[2] Tognozzi also received favorable People Manager Effectiveness Surveys and was awarded Mastercard's prestigious Chief Financial Officer Award in 2013. Tognozzi's February 2013 performance review was positive, noting she "works hard and has high standards." (ECF # 3 at ¶ 15).

Tognozzi discussed these problems with Griffin, but Griffin refused to consider rebalancing the workload and told Griffin her team was overstaffed for its relative workload.[3] In August 2014, Tognozzi shared her frustrations about the workload inequities with a human resources representative, but received no response. Two of the managers on Tognozzi's team also expressed concerns about the unequal work distribution between Tognozzi's and Lillis's teams to the same HR representative.

In July 2014 Tognozzi had surgery on her hand and was required to wear a cast for ten weeks afterward that immobilized two fingers, her hand, and forearm. The hand caused Tognozzi constant, extreme pain, affected her ability to type and drive a car and required her to take pain medication. Tognozzi's doctor recommended she take some medical leave after her surgery. When Tognozzi approached Griffin about the possibility of taking FMLA leave to recuperate, Griffin discouraged Tognozzi from doing so by recounting her own history of working while recovering from leg surgery. Based on this discussion, Tognozzi did not take FMLA leave because she feared retaliation from Griffin. No accommodations were made for Tognozzi during this time, and Griffin's attitude became increasingly hostile. Tognozzi began to experience physical symptoms of

---

[3] Between February and July 2014, after a corporate reorganization, eight of the twelve positions on Tognozzi's team were vacated. At the same time, a hiring freeze prevented her from actively recruiting and hiring sufficient replacements, causing her team to be extremely short-staffed.

the stress caused by her job situation, including severe hair loss, weight loss, an unexplained rash, and loss of sleep. However, Tognozzi continued to perform and complete her work duties. In September 2014, Griffin stated Tognozzi was not performing "at her level," but was unable to articulate any specifics as to what Tognozzi should do differently and acknowledged that the work was getting done.

In October 2014, upon the advice of her doctor, Tognozzi took three months' FMLA leave to address her deteriorating health problems. She was not advised of any performance deficiencies or intent to terminate her employment at any point during her leave. On the same day she returned to work, January 5, 2015, Griffin and Mastercard terminated Tognozzi's employment.

In Count I of her complaint, Tognozzi alleges disability discrimination and retaliation in violation of the MHRA. In Count II she alleges disability discrimination and retaliation in violation of the ADA; in Count III she alleges interference and retaliation in violation of the FMLA; in Count IV she alleges sex discrimination and retaliation in violation of the MHRA; and in Count V she alleges sex discrimination and retaliation in violation of Title VII. All five counts are asserted against both defendants.

### III. Discussion

In her opposition to the motions to dismiss, Tognozzi concedes Counts II and V should be dismissed as to defendant Griffin. Therefore, I will grant

Griffin's motion to dismiss as to these two counts without further discussion. As to the remaining counts, I will address defendants' essentially identical arguments to dismiss Count III together. Then I will consider defendants' discrimination and retaliation claims under Count IV and Mastercard's discrimination and retaliation claim under Count V.

### A. Count III – Interference and Retaliation (Family Medical Leave Act)

Count III alleges a claim of FMLA interference and a claim of FMLA retaliation. Defendants argue that Count III must be dismissed to the extent it alleges a claim of FMLA interference because a two-year statute of limitations applies to the claim and the case was filed more than two years after defendants' alleged violation. Specifically, defendants note Tognozzi claims she was discouraged from taking FMLA leave by Griffin in July 2014, and this case was filed in state court in November 2016. Defendants argue Tognozzi has failed to assert sufficient facts to demonstrate that the three-year statute of limitations for willful violations should apply here.

The FMLA entitles an employee to twelve weeks of unpaid leave during any twelve-month period if the employee has a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D), (c). The Eighth Circuit recognizes the existence of three

types of claims under the FMLA. Under 28 U.S.C. § 2615(a)(1)[4], a plaintiff may bring either an "entitlement" claim, in which she alleges the employer refused to authorize FMLA leave or took other action to avoid FMLA responsibilities; or a "discrimination" claim, in which she alleges an employer took adverse action against her because she exercised rights to which she was entitled under the FMLA. *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005-06 (8th Cir. 2012); *Hudson v. Tyson Fresh Meats, Inc.*, 787 F.3d 861, 864-65 (8th Cir. 2015); *see also Massey–Diez v. Univ. of Iowa Cmty. Med. Servs., Inc.*, 826 F.3d 1149, 1157 (8th Cir. 2016). Additionally, under 28 U.S.C. § 2615(a)(2)[5], a plaintiff may bring a "retaliation" claim in which she alleges an employer took adverse action against her for opposing any practice made unlawful under the FMLA. *Pulcinski*, 691 F.3d at 1005-06.

Congress created a two-tiered statute of limitations for FMLA claims. Generally, the statute of limitations for an FMLA violation is "not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). However, where an employer engages in a "willful violation" of the FMLA, the statute of limitations is extended to three

---

[4] "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C.A. § 2615(a)(1).

[5] "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C § 2615(a)(2).

years. 29 U.S.C. § 2617(c)(2); *Hanger v. Lake Cty.*, 390 F.3d 579, 582 (8th Cir. 2004). The FMLA itself does not define willful, but the Eighth Circuit has held an FMLA violation is willful where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *Hangar*, 390 F.3d at 583 (internal citations omitted).

Tognozzi alleges that her hand injury and subsequent surgery affected her ability to work, and her doctor recommended she take leave from her job. She claims that she approached Griffin for the purpose of exercising her rights under the FMLA, but "Griffin discouraged Tognozzi from taking FMLA leave by recounting the events after Griffin underwent surgery…." (ECF #3 at ¶ 32). Tognozzi alleges that as a result of the conversation with Griffin, she did not take leave related to her hand injury for fear of retaliation.

Construing the facts in Tognozzi's favor, I conclude that she has alleged enough to show that Griffin demonstrated reckless disregard for whether her conduct was prohibited. As a high level supervisor, and as someone who had previously had surgery while employed, Griffin would likely have known of Tognozzi's rights under the FMLA. Accordingly, the allegations in the complaint are sufficient, at this stage, to invoke the three-year statute of limitations in U.S.C. § 2617(c)(2) for a willful violation. *See Quinn v. St. Louis Cty.*, 653 F.3d 745, 753 (8th Cir. 2011)("FMLA interference includes 'not only refusing to authorize

FMLA leave, but discouraging an employee from using such leave,' as well as 'manipulation by a covered employer to avoid responsibilities under [the] FMLA.'")(quoting 29 C.F.R. § 825.220(b)). *See also Beekman v. Nestle Purina Petcare Co.*, 635 F. Supp. 2d 893, 909 (N.D. Iowa 2009)(willful conduct must only be alleged generally; allegations that "inherently state" willful conduct are sufficient).

### B.   Counts IV and V[6] – Sex Discrimination and Retaliation

In Counts IV and V, Tognozzi brings claims of sex discrimination and retaliation—Count IV under the MHRA and Count V under Title VII. Specifically, Tognozzi alleges defendants discriminated against her based on sex by giving preferential treatment to a male employee. Tognozzi claims that after she complained about the preferential treatment, defendants retaliated against her by terminating her employment.

### Sex Discrimination Claims

In their motions to dismiss, defendants argue Tognozzi's allegations of preferential treatment are insufficient to give rise to a claim of sex discrimination. Defendants contend Tognozzi's increased workload does not constitute an adverse employment action that "materially disadvantaged" her. In response, Tognozzi argues that defendants take a piecemeal approach to reading her complaint and fail to consider all the allegations she set forth, which are incorporated into each count.

---

[6] Claims under Count V pertain to Mastercard only as Tognozzi has conceded her claims against Griffin should be dismissed.

On a motion to dismiss, I am required to read the complaint "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). Under both the MHRA and Title VII, to set forth a prima facie case of sex discrimination, a plaintiff must show she suffered an adverse employment action. *See Denn v. CSL Plasma, Inc.*, 816 F.3d 102, 1032 (8th Cir. 2016); *see also Lewis v. Heartland Inns of Am., L.L.C.*, 591 F.3d 1033, 1038 (8th Cir. 2010). "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." *Wedow v. City of Kan. City, Mo.*, 442 F.3d 661, 671 (8th Cir. 2006) (quotation omitted).

Taking the complaint here as a whole, I find Tognozzi has pleaded sufficient facts to demonstrate she suffered an adverse employment action that materially disadvantaged her. From April 2013 through October 2014, Tognozzi claims Griffin consistently gave preference to Lillis—increasing Tognozzi's responsibilities and workload, while decreasing Lillis's. After her surgery, the increased demands of her job caused Tognozzi to experience physical symptoms of stress—hair loss, weight loss, an unexplained rash, and loss of sleep. Tognozzi was forced to take leave to address her deteriorating health, and upon returning from leave, she was terminated. Accordingly, as Tognozzi has asserted sufficient facts

to demonstrate an adverse employment action, I will deny defendants motions to dismiss her discrimination claims under Counts IV and V.

## Retaliation Claims

Defendants next argue Tognozzi failed to plead a claim of retaliation under the MHRA and Title VII because she "does not allege that she complained about *sex discrimination*; rather, she…complained about *workload distribution* between Plaintiff's team and another manager's team." [Griffin's Motion to Dismiss, ECF #12, at p. 8] (emphasis added). While this may be a correct literal recitation of the complaint's allegations, I am required to draw all reasonable inferences in favor of the nonmoving party. *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). Here, it is reasonable to infer that when Tognozzi complained about "workload inequities" between her and her male colleague, she was complaining about workload discrimination based on sex.

Mastercard makes an additional argument under Count V regarding Tognozzi's Title VII claim for retaliation. Mastercard claims Tognozzi failed to adequately plead the causation element of her prima facie case as she exclusively relies on the temporal proximity between her complaints and her termination.

In order for a plaintiff to allege a causal connection between her protected conduct and the adverse employment action, she must demonstrate her "protected activity was the but-for cause of the alleged adverse action by the employer." *Univ.*

*of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2534, 186 L.Ed.2d 503 (2013). "Generally, more than a temporal connection between the protected conduct and the adverse employment action is required …." *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999).

Tognozzi alleges she was terminated less than four months after her last complaint. Even if the temporal proximity between these two events alone is insufficient, Tognozzi sets forth additional facts that strengthen the inference of a causal link. For example, Tognozzi alleges that until she complained in March 2014, she had consistently received positive reviews and feedback about her job performance. Tognozzi also maintains that although Griffin stated she was not performing at her level shortly before she took leave, Griffin was unable to articulate specifics reasons for this assessment and acknowledged Tognozzi was getting her work done. Construing the facts in Tognozzi's favor, I find she has offered sufficient allegations to state a claim for retaliation. Because Tognozzi has adequately pleaded discrimination and retaliation claims, I will deny defendants' motion to dismiss Count IV and Mastercard's motion to dismiss Count V.

Finally, to the extent defendant Griffin seeks attorney fees in connection with the dismissal of Counts II and V, I do not find Tognozzi's conduct in bringing her claims was groundless, unreasonable, or frivolous in a manner that warrants fee shifting. *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1652, 194 L. Ed.

2d 707 (2016)(citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Griffin's motion to dismiss [#11] is granted as to Counts II and V and denied as to Counts III and IV.

**IT IS FURTHER ORDERED** that Mastercard's motion to dismiss [#9] is denied as to Counts III, IV, and V.

This case will be set for a Rule 16 scheduling conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of May, 2017.